McIlvaine, C. J.,
dissenting. For my present purpose, in dissenting from the judgment of the court, I will concede the facts to be as claimed by the relator, which is conceding more, I think, than the testimony shows. The case may, therefore, be stated thus: The board of commissioners of
Darke county purchased of the relator a farm for the use of the county, as it was authorized to do. The relator executed and delivered to the commissioners in due form a deed of conveyance therefor. The board of commissioners accepted the deed, and thereupon directed the auditor of the county to draw a warrant in favor of the relator on the treasurer of the county for the amount of the purchase-money.
Before the warrant was drawn by the auditor, the board of commissioners assumed to revoke the authority of the auditor to draw it. After the authority to draw a warrant was revoked, and the revocation was entered on the journal of the commissioners, the auditor, on demand, refused to draw the warrant in favor of the relator, and thereupon this proceeding was commenced to compel the auditor, by mandamus, to draw the warrant.
It is conceded that the auditor, without authority from the commissioners, had no power to draw the warrant. It therefore follows, that a controlling question in this case is as to the power of the commissioners to revoke the authority of the auditor to draw the warrant. That it has been revoked, if the board of commissioners had the power of revocation, is not disputed.
. It is true that between the date that the order to draw was given to the auditor and the date that it was revoked, the term of office of one of the commissioners had expired and his successor had been qualified, but it appears to me so palpably plain that the power of the board was not thereby controlled, that the fact has received all the attention it deserves, iu the mere statement of it.
As to the power of the commissioners to revoke the order granting authority to the auditor to draw a warrant on the treasurer, although it is not given in express terms by *323 the statute, is nevertheless necessarily implied from the nature of the powers granted — the power to purchase. Let us suppose that after the order on the auditor to draw, as iu this case, the board of commissioners had discovered that the relator’s title was worthless, or that the premises were subject to liens, who could doubt the power or propriety of the purchaser to stop the payment of the purchase-money ? If the purchaser were a natural person, surely no one would doubt the power. Every reason for its implied existence is present when the purchaser is a public agent, using public funds in making the purchase. In such case the existence of the power is essential to prevent public loss.
I admit that the exercise of such power may be abused, but this admission does not imply that the power does not exist. But I do deny that the auditor is the judge to determine whether the power is properly or improperly used in any given ease.
If the power of revocation in this case has been improperly used by the board of commissioners, the courts are open to redress, in the due and ordinary course of law, ariy wrong which the relator has suffered. But to my mind, a plain duty under the law does not rest upon the auditor to draw his warrant upon the treasurer for the payment of the purchase-money which may or may not be due the relator. And unless the duty of the auditor to do so be plain, this proceeding should be dismissed.
I -wish also to express my unqualified dissent to the proposition that the right of the relator to demand and receive the purchase price of this sale is res adjudieata — that the order of the commissioners upon the auditor to draw a warrant on the treasurer therefor in favor of relator has the force and effect of a judgment at law, which can not be collaterally impeached or modified by the commisioners after the term at which it was made. I deny that the order of the board of commissioners has any such force and effect. Instead of acting judicially in the matter, it was simply acting as a contracting party, not in making, but in *324 executing the contract. And the order of revocation was not a rescission of the contract, but a refusal to execute it. If the right of the auditor to pass upon grounds of revocation did not exist, the ground upon which the revocation was made is immaterial in this action.
Johnson, J., concurred in the dissenting opinion.